UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD L. DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 13-cv-7647 |
| VINCENZO DISALVO; ) | |
| MATTHEW MCKEE; JOEL MANTIA; ) | Judge John W. Darrah |
| and WILL COUNTY SHERIFF'S ) | |
| OFFICE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard L. Dean filed a Complaint against Defendants Vincenzo DiSalvo, Matthew McKee, and Joel Mantia (collectively, the "Defendants"), alleging violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 and conspiracy and equal protection claims pursuant to 42 U.S.C. § 1985(3). Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6).

## BACKGROUND

The following is taken from the Complaint, which is assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff was stopped by an unmarked squad car on October 25, 2011, while driving to work at the Dollar Tree Warehouse. (Compl. at ¶¶ 14-17.) Plaintiff and his vehicle were searched several times by Defendants DiSalvo and McKee. (*Id.* at ¶¶ 26-28, 33, 37.) Plaintiff was also questioned during the stop, including questioning about whether he possessed any cannabis. (*Id.* at ¶¶ 23, 30-31, 34-36, 39-44.) Eventually, Defendant DiSalvo found two small

plastic baggies containing cannabis in Plaintiff's vehicle. (*Id.* at ¶ 37.) After having been stopped for approximately 45 minutes, Defendant Mantia arrived in a marked squad car. (*Id.* at ¶ 48.) Plaintiff was subsequently transported to the Will County Adult Detention Facility and charged with possession of over ten grams, but not more than thirty grams, of cannabis with the intent to deliver. (*Id.* at ¶ 49.)

On January 13, 2012, Plaintiff pled guilty to unlawful possession of cannabis with intent to deliver in Will County Circuit Court Case Number 11 CF 2101. (Dkt. 45, Exh. A.)[1] On February 1, 2012, Plaintiff filed a motion to withdraw his guilty plea. (Dkt. 45, Exh. C at p. 3.) The motion was denied, and Plaintiff filed an appeal. (*Id*. at p. 4.) In an unpublished opinion, the Appellate Court of Illinois, Third District, affirmed the judgment of the Will County Circuit Court. (*Id.* at p. 8.) Plaintiff then filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on November 26, 2014. (Dkt. 45-1, Exh. D).

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S.

---

[1] Matters of public record may be taken under judicial notice without converting a motion to dismiss into a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). A *pro se* complaint is liberally construed and held to less stringent standards than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

### *§ 1983 Claims*

Plaintiff alleges violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 in Counts I and II. Plaintiff also alleges a § 1983 *Monell* claim in Count V. Defendants argue that these claims are barred by the holding in *Heck* v. *Humphrey*, 512 U.S. 477 (1994). (Dkt. 45 at ¶ 3.) A plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of *habeas corpus*." *Heck*, 512 U.S. at 489. Plaintiff appealed his guilty plea to the Illinois Appellate Court and the Illinois Supreme Court; and his conviction was not reversed, expunged, invalidated, or impugned. Therefore, his § 1983 claims remain barred. Further, as there are no underlying constitutional violations, the Will County Sheriff's Office cannot be liable under *Monell*. *See*

*Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010) (holding that a municipality was not liable under *Monell* when there was no underlying constitutional violation by a municipal employee).

Plaintiff argues that the Court should not consider affirmative defenses, such as the *Heck* doctrine, at the motion to dismiss stage. However, *Heck* is a bar to civil suits that plead allegations inconsistent with a valid conviction and is properly applied at the motion to dismiss stage. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Defendants' Motion to Dismiss Counts I, II, and V is granted with prejudice.

*§ 1985 Claim*

In Count III, Plaintiff alleges a violation of §1985(3) and claims that this violation was racially motivated in violation of the Fourteenth Amendment. Specifically, Plaintiff alleges that Defendants DiSalvo, McKee, and Mantia conspired to violate his Fourth Amendment rights. Plaintiff further alleges that the officers were motivated by a racial animus.

Under § 1985(3), a plaintiff may seek recovery of damages if state actors "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). In order to show a conspiracy in violation of § 1985(3), Plaintiff must show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff refers to the same facts and allegations in his § 1985 claim as he does in his § 1983 claims. While Plaintiff attempts to delineate the claims, he is actually attacking the underlying conviction in both.

4

Therefore, his § 1985 claim is also barred by *Heck*. *See Horton v. Marovich*, 925 F. Supp. 532, 538 (N.D. Ill. 1996) (holding that § 1983 claims and § 1985 claims were attacking the legality of plaintiff's conviction and confinement and were barred by *Heck*).

Defendants' Motion to Dismiss Count III is granted with prejudice.

*Illinois Intentional Infliction of Emotional Distress*

In Count IV, Plaintiff alleges that Defendants violated his rights with the intent to inflict severe emotional distress. The elements for an action for intentional infliction of emotional distress in Illinois are: (1) "the conduct involved must be truly extreme and outrageous"; (2) "the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress"; and (3) "the conduct must in fact cause severe emotional distress." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (2003) (Internal citations and quotations omitted.) Defendants argue that this claim is barred by collateral estoppel.

Plaintiff's state law claim is dismissed for lack of jurisdiction. *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496, 505 (7th Cir.2011) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.") (citation omitted). Defendants argue that this Court should exercise supplemental jurisdiction over the state law claim and find that it is barred by collateral estoppel because if an "obviously correct interpretation of state law knocks out the plaintiff's state law claim . . . the federal judge should put the plaintiff out of his misery then and there, rather than burdening the

5

state courts with a frivolous case." *Holder v. Ivanjack*, 93 F. Supp. 2d 933, 939 (N.D. Ill. 2000) (internal citations and quotations omitted.)

It is not obviously correct that Plaintiff's state law claim is precluded by collateral estoppel. Under Illinois law, "[t]he three requirements for the application of collateral estoppel are that: '(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.'" *Hurlbert v. Charles*, 938 N.E.2d 507, 512 (Ill. 2010) (quoting *Gumma v. White*, 833 N.E.2d 834, 843 (Ill. 2005)). Defendants argue that this case is similar to the decision in *Cameron v. Patterson*, 2012 WL 1204638 (N.D. Ill. 2012). However, in *Cameron* the issues were fully litigated in a motion to quash the arrest and suppress evidence, wherein the plaintiff challenged the legality of the stop and search of the vehicle. *Cameron*, 2012 WL 1204638, at *3. Here, there was no hearing on a motion to suppress or to quash the arrest, only a negotiated guilty plea. Collateral estoppel is not automatically applied to issues related to a negotiated guilty plea and turns on "whether a party has had a full and fair opportunity to contest a prior determination." *Talarico v. Dunlap*, 685 N.E.2d 325, 329-30 (1997).

Because the application of collateral estoppel is not obvious, and because supplemental state claims are usually dismissed when all federal claims have been dismissed prior to trial, Plaintiff's claim for intentional infliction of emotional distress is dismissed with leave to re-file in state court.

6

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [45] is granted. Defendants' Motion to Dismiss Counts I, II, III, and V are granted with prejudice. Defendants' Motion to Dismiss Count IV is granted with leave to re-file in state court.

Date: April 2, 2015

_____
JOHN W. DARRAH
United States District Court Judge